NVB#113 (rev. 12/17)

RECEIVED AND FILED
2018 FEB 26 PM 3 10
U.S. ... COURT
MARY A. ... CLERK

NPC

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

Debtor 1 - RALPH STEVEN LEWIS

Debtor 2 -

Debtor.

BK - 15-15696-MKN

Chapter 13 Plan # 4

Plan Modification: Before Confirmation

Confirmation Hearing Date: April 5, 2018

Confirmation Hearing Time: 1:30 p.m.

# CHAPTER 13 PLAN

## Section 1: Notices

**1.1 - Valuation of Collateral and Lien Avoidance Requires a Separate Motion** - The confirmation of this plan will not limit the amount of a secured claim based on a valuation of the collateral for the claim, nor will it avoid a security interest or lien.

**1.2 - Nonstandard Provisions** - This plan ☑ **includes**   ☐ **does not include** nonstandard provisions in Section 9.2.

## Section 2: Eligibility, Commitment Period, Disposable Income, Plan Payments, and Fees

**2.1 - Statement of Eligibility to Receive a Discharge**
   a. Debtor 1:  Is eligible to receive a Chapter 13 discharge.
   b. Debtor 2:  Is eligible to receive a Chapter 13 discharge.

**2.2 - Applicable Commitment Period** - The applicable commitment period is 36 months    Monthly payments must continue for the entire commitment period unless all allowed unsecured claims are paid in full.

**2.3 - Disposable Income** - Debtor is under median income.

**2.4 - Liquidation Value** - The liquidation value of the estate is    $0.00    Liquidation value is derived from the following non-exempt assets:

**2.5 - Monthly Payments** - Debtor shall make monthly payments to the Trustee as follows:

| $ 300.00 | for 1  | months commencing 10/25/2015 | - Totaling $ 300.00 |
|----------|--------|------------------------------|---------------------|
| $ 100.00 | for 36 | months commencing 7/25/2016  | - Totaling $ 3,600.00 |
| $        | for    | months commencing            | - Totaling $        |
| $        | for    | months commencing            | - Totaling $        |
| $        | for    | months commencing            | - Totaling $        |

**2.6 - Additional Payments** - Debtor will make additional payments to the Trustee from other sources as specified below.

| Amount of Payment | Date | Source of Payment |
|-------------------|------|-------------------|

| Amount of Payment | Date | Source of Payment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**2.7 – The total amount of plan payments to the Trustee** $3,900.00

**2.8 - Tax Returns and Refunds** - Debtor shall submit to the Trustee, within 14 days of filing the return, copies of all personal and business tax returns filed with any federal or state taxing authority for the prior tax year, along with copies of any W-2 forms, 1098 forms, and 1099 forms. In addition to plan payments, Debtor shall turn over to the Trustee and pay into the plan the non-exempt portion of all tax refunds for the following tax years:  2017  , 2018  , 2019  , 2020  , 2021

**2.9 – Trustee's Fees** – Trustee's fees are estimated to be 10% of plan payments, which totals:   $390.00   Trustee shall collect these fees from payments received under the plan.

**2.10 - Debtor's Attorney's Fees** - Debtor's attorney's fees, costs, and filing fees in this case shall be   $0.00   . The sum of $1,500.00   has been paid to the attorney prior to the filing of the petition. The balance of   ($1,500.00)   shall be paid through the plan by the Trustee.

**2.11 – Additional Attorney's Fees** - For feasibility purposes, additional attorney fees are estimated to be  $0.00   These fees are for services that are specifically excluded on the Disclosure of Compensation of Attorney for Debtor(s) [Form B2030]. These fees will not be reserved by the Trustee unless a request for these fees is properly filed with the Court.

**2.12 - Other Administrative Expenses** - All approved administrative expenses, including Mortgage Modification Meditation Program fees, shall be paid in full unless the holder of such claim agrees to accept less or 11 U.S.C. §1326(b)(3)(B) is applicable.

| Creditor's Name | Services Provided | Amount Owed |
|---|---|---|
|  |  |  |

## Section 3: General Treatment of Claims

**3.1 - Claims Must be Filed and Provided for** - A proof of claim must be filed in order for the claim to be paid pursuant to this plan. If a filed proof of claim is not provided for by this plan, no payments will be made to the claimant.

**3.2 - Payment of Claims is based upon the Proof of Claim** - The amount and classification of a creditor's claim shall be determined and paid based upon its proof of claim unless the court enters a separate order providing otherwise.

**3.3 - Interest on Claims** - If interest is required to be paid on a claim, the interest rate shall be paid in accordance with the Chapter 13 Plan unless a separate Order of the Court establishes a different rate of interest. Interest shall accrue from the petition date on claims secured by property with a value greater than is owed under contract or applicable non-bankruptcy law. For all other claims, interest shall accrue from the date the plan is confirmed unless otherwise ordered by the Court.

**3.4 - Payments made by Trustee** - Unless otherwise stated, claims provided for in this plan shall be paid by the Trustee.

## Section 4: Treatment of Secured Creditors

**4.1 - Conduit Payments** - The monthly contractual installment payments, including Mortgage Modification Meditation Program payments, ("conduit payments") will be paid as follows: (a) Trustee will make monthly post-petition installment payments on claims as they come due; (b) the first monthly installment payment of the total number of payments listed below shall be treated and paid as a conduit gap payment; (c) Trustee will not make a partial conduit payment; (d) if all conduit payments cannot be made, Trustee will prioritize disbursements by making conduit payments to creditors in the order in which they are listed below; (e) a Notice of Payment Change must be filed to effectuate a monthly payment change; and (f) in the event that the conduit payment increases, Debtor shall increase the plan payments to the Trustee without modification of the plan.

| Creditor Name Collateral Description | Principal Residence | Conduit Payment Amount | Number of Conduit Payments | Conduit Start Date | Estimated Total |
|---|---|---|---|---|---|
| | Yes | $0.00 | 0 | | $0.00 |

**4.2 - Pre-Petition Arrearages** - Including claims for real and personal property, taxes, HOA fees, and public utilities.

| Creditor Name Collateral Description | Pre-Petition Arrearage | Interest Rate | Estimated Total |
|---|---|---|---|
| | | | $0.00 |

**4.3 - Modified Claims** - Including claims paid based upon 11 U.S.C. §506 valuation or other agreement.

| Creditor Name Collateral Description | Full Claim Amount | Fair Market Value | Interest Rate | Estimated Total |
|---|---|---|---|---|
| | | | | $0.00 |

**4.4 - Claims Modified and Paid in Full** - Including secured tax liens and claims secured by purchase money security interest that were (a) incurred within 910 days preceding the filing of the petition and secured by a motor vehicle acquired for personal use of the debtor, or (b) incurred within 1 year preceding the filing of the petition and secured by any other thing of value.

| Creditor Name Collateral Description | Full Claim Amount | Interest Rate | Estimated Total |
|---|---|---|---|
| | | | $0.00 |

**4.5 - Post-Petition Claims** - Including claims provided for under §1305(a), such as taxes that become payable to a governmental unit while the case is pending, delinquent post-petition mortgage payments, and estimated 3002.1(c) Fees, Expenses, and Charges.

| Creditor Name Collateral Description | Claim Amount | Interest Rate | Estimated Total |
|---|---|---|---|
| | | | $0.00 |

**4.6 - Claims Paid Directly by Debtor or Third Party**

| Creditor Name Collateral Description | Contractional Monthly Payment Amount | Maturity Date |
|---|---|---|
| | | |

**4.7 - Surrender of Collateral** - Debtor surrenders the real or personal property listed below. Upon confirmation of this plan, the stay terminates under §362(a) and §1301 with respect to the surrendered collateral listed below.

| Creditor Name | Description of Collateral | Estimated Deficiency |
|---|---|---|
| | | |

## Section 5: Treatment of Unsecured Creditors

**5.1 - Priority Claims Paid in Full**

| Creditor Name Collateral Description | Full Claim Amount | Interest Rate, if Applicable | Estimated Total |
|---|---|---|---|
| | | | $0.00 |

**5.2 - Domestic Support Obligations Assigned or Owed to a Governmental Unit** - Including claims that will be paid less than the full amount pursuant to §1322(a)(4). These claims will be paid in the amount listed below

| Creditor Name Collateral Description | Full Claim Amount | Amount to be Paid by Plan |
|---|---|---|
| | $0.00 | $0.00 |

**5.3 - Specially Classified Non-Priority Unsecured Claims** - The allowed non-priority unsecured claims listed below are separately classified and will be treated as follows.

| Creditor Name Collateral Description | Basis for separate classification and treatment | Amount to be Paid | Interest Rate | Estimated Total |
|---|---|---|---|---|
| | | | | $0.00 |

**5.4 - Non-Priority Unsecured Claims** - Allowed general non-priority unsecured claims shall be paid a pro-rata share of the funds remaining after disbursements have been made to all other creditors provided for in this plan. This amount may change based upon the allowed claim amounts, amended claims, interest rates, additional attorney's fees, and/or other administrative expenses. Debtor estimates that $5,010.00   will be available for non-priority unsecured claims that are not specially classified.

☐ Debtor shall pay 100% of all filed and allowed non-priority unsecured claims.
☐ Debtor's estate is solvent under §1325(a)(4) and non-priority unsecured claims shall receive interest at

## Section 6: Executory Contracts and Unexpired Leases

**6.1 - Debtor's Election**   - Debtor assumes or rejects the executory contracts and unexpired leases listed below. Any executory contract or unexpired lease not listed below is rejected. Debtor shall timely pay all amounts due under any accepted executory contract or unexpired lease

| Lessor's Name / Collateral Description | Assume/Reject | Expiration Date |
|---|---|---|
| | | |

## Section 7: Distribution of Plan Payments

**7.1 - Distributions** - After confirmation, funds available for distribution will be paid monthly by the Trustee.

**7.2 - Order of Distribution** -Trustee will pay as funds are available in the following order:
  a. Conduit payments (§4.1);
  b. Monthly payments on secured claims as required by separate court order (§9.2);
  c. Attorney Fees and Administrative Expenses (§2.10, §2.11, §2.12);
  d. Modified Claims and Claims Modified and Paid in Full (§4.3, §4.4);
  e. Conduit gap payments and Post-Petition claims (§4.1, §4.5);
  f. Pre-Petition Arrearage claims (§4.2);
  g. Priority claims (§5.1, §5.2);
  h. Separately Classified Unsecured Claims (§5.3);
  i. Non-Priority Unsecured Claims (§5.4).

## Section 8: Miscellaneous Provision

**8.1 Debtor Duties** - In addition to the duties imposed upon Debtor by the Bankruptcy Code and Rules, the Local Bankruptcy Rules, Administrative Orders, and General Orders, the Plan imposes the following additional duties:
  a. <u>Transfer of Property and New Debt</u> - Debtor is prohibited from transferring, encumbering, selling or otherwise disposing of any nonexempt personal property with a value of $1,000 or more or real property with a value of $5,000 or more without court approval. Except as provided in §364 and §1304, Debtor may not incur new debt exceeding $1,000 without court approval.
  b. <u>Insurance and Taxes</u>  - Debtor shall pay all post-petition tax obligations and maintain insurance as required by law or contract. Debtor shall provide evidence of such payment to Trustee upon request.

    c. <u>Periodic Reports</u> - Upon request by the Trustee, Debtor shall provide the Trustee with: proof that direct payments have been made under §4.6 of this plan; information relating to a tax return filed while the case is pending; quarterly financial information regarding Debtor's business or financial affairs; and a §521(f)(4) statement detailing Debtor's income and expenditure for the prior tax year.

    d. <u>Funds from Creditors</u> - If Debtor receives funds from a creditor which were previously disbursed to the creditor by the Trustee, Debtor shall immediately tender such funds to the Trustee and provide a written statement identifying the creditor from whom the funds were received.

**8.2 Creditor Duties** - In addition to the duties imposed upon a Creditor by Federal law, State Law, and contract, the Plan imposes the following additional duties:

    a. <u>Release of Lien</u> - The holder of an allowed secured claim, provided for in §4.3 or §4.4, shall retain its lien until the earlier of the payment of the underlying debt as determined under non-bankruptcy law or discharge under §1328. After either one of the foregoing events, the creditor shall release its lien and provide evidence and/or documentation of such release to Debtor within 30 days. In the event the creditor fails to timely release the lien, the debtor may request entry of an order declaring that the secured claim has been satisfied and the lien has been released.

    b. <u>Refund all Overpayments to the Trustee</u> - Creditors shall not refund any payments or overpayments to the Debtor.

        1. If a creditor withdraws its Proof of Claim after the Trustee has disbursed payments on such claim, the creditor shall refund all payments to the Trustee within 60 days of the withdrawal.

        2. If a creditor amends its Proof of Claim to assert an amount less than what was previously disbursed by the Trustee on such claim, the creditor shall refund the overpayment to the Trustee within 60 days of the amendment.

        3. If a creditor receives payment from the Trustee in excess of the amount asserted in its Proof of Claim or required to be paid under this Plan, the creditor shall refund the overpayment to the Trustee within 60 days of receiving the overpayment.

**8.3 Vesting** - Any property of the estate scheduled under §521 shall vest in Debtor upon confirmation of this plan.

**8.4 Remedies of Default** -

    a. If Debtor defaults in the performance of this Plan, the Trustee or any other party in interest may request appropriate relief by filing a motion and setting it for hearing pursuant to Local Rule 9014.

    b. If, on motion of a creditor, the Court terminates the automatic stay to permit a creditor to proceed against its collateral, unless the Court orders otherwise, the Trustee will make no further distribution to such secured claim.

    c. Any deficiency claim resulting from the disposition of the collateral shall be paid as a non-priority unsecured claim provided that a Proof of Claim or Amended Proof of Claim is filed, allowed, and served on Debtor. Such deficiency claim shall be paid prospectively only, and chapter 13 plan payments previously disbursed to holder of other allowed claims shall not be recovered by the Trustee to provide a pro-rata distribution to the holder of any such deficiency claims.

**8.5 Plan Extension Without Modification** - If the plan term does not exceed 60 months and any claims are filed in amounts greater than the amounts specifically stated herein, Debtor authorizes the Trustee to continue making payments to creditors beyond the term of the plan. Debtor shall continue making plan payments to the Trustee until the claims, as filed, are paid in full or until the plan is otherwise modified.

**Section 9: Nonstandard Plan Provision**

**9.1 Check Box Requirement** - Nonstandard plan provisions will be effective only if §1.2 of this plan indicates that this plan includes non-standard provisions. Any nonstandard provision placed elsewhere in the plan is void.

**9.2 Nonstandard Plan Provisions:**

a. Debtor disputes Claim #1 of Green Valley Ranch Community Association and has filed an Objection to Claim scheduled to be heard on March 8, 2018 at 2:30 p.m.

b. Debtor disputes Claim #6 of Santander Consumer USA, Inc. and has filed an Objection to Claim scheduled to be heard on March 8, 2018 at 2:30 p.m.

c. Debtor disputes Claim #8 of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust A and has filed an Objection to Claim scheduled to be heard on March 8, 2018 at 2:30 p.m.

**Section 10: Signatures**

Executed on: February 24, 2018

[Debtor 1 Signature] _/s/ Ralph Steven Lewis_
RALPH STEVEN LEWIS

[Debtor 2 Signature] _____

By filing this document, I certify that the wording and order of the provisions of this Chapter 13 plan are identical to those contained in NVB 113, other than any nonstandard provisions set forth in §9.

[Signature] _/s/ Ralph Steven Lewis_
Ralph Steven Lewis, Pro se
Ralph Steven Lewis
2470 Citrus Garden Circle
Henderson, Nevada 89052
[Telephone] 702 624 8145
[Email] rslewis2425@gmail.com

# CERTIFICATE OF SERVICE

I, Ralph S. Lewis, do hereby certify that I am over the age of 21 and a resident of Clark County, Nevada and that on February 24, 2018 I mailed true and correct copies of the Chapter 13 Plan #4, Plan Modification, Before Confirmation, to all persons listed on the attached Mailing Index and the following person at the addresses as indicated:

Rick A. Yarnall, Trustee
701 Bridger Avenue, Suite 820
Las Vegas, NV 89101

by United States Mail, postage prepaid, on February 24, 2018.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 24th day of February, 2018

By: _____
Ralph S. Lewis
2470 Citrus Garden Circle
Henderson, NV 89052

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0978-2<br>Case 15-15696-mkn<br>District of Nevada<br>Las Vegas<br>Fri Feb 23 20:11:01 PST 2018 | SANTANDER CONSUMER USA INC.<br>BALL, SANTIN & MCLERAN, PLC<br>400 S. 4TH ST, STE 500<br>LAS VEGAS, NV 89101-6207 | United States Bankruptcy Court<br>300 Las Vegas Blvd., South<br>Las Vegas, NV 89101-5833 |
| Bank of America, N.A.<br>P O Box 982284<br>El Paso, TX 79998-2284 | Bk Of Amer<br>Acct No xxxxx7959<br>1800 Tapo Canyon Rd<br>Simi Valley, CA 93063-6712 | (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 |
| CITRUS GARDENS HOA<br>C/O ASSESSMENT MANAGEMENT SERVICES<br>ACCT #XXXXX-XX8155<br>6655 SOUTH CIMARRON ROAD SUITE 201<br>LAS VEGAS, NV 89113-2181 | Citrus Garden HOA<br>c/o Terra West Mgmt Serv.<br>11135 S. Eastern Ave., Suite 120<br>Henderson, NV 89052-4386 | City of Henderson Utilities<br>P.O. Box 95050 MSC 125<br>Henderson NV 89009-5050 |
| GREGORY WILDE, ESQ.<br>ATTORNEY FOR SECURED CREDITOR<br>212 SOUTH JONES BOULEVARD<br>LAS VEGAS, NV 89107-2657 | Green Valley Community Assoc.<br>c/o Terra West Mgmt Serv.<br>11135 S. Eastern Ave., Suite 120<br>Henderson, NV 89052-4386 | SOUTHWEST GAS CORPORATION<br>PO BOX 1498<br>VICTORVILLE, CA 92393-1498<br>BANKRUPTCY DESK 92393-1498 |
| Santander Consumer USA<br>PO Box 560284<br>Dallas, TX 75356-0284 | Santander Consumer Usa<br>Acct No xxxxxxxxxxxx1000<br>Po Box 961245<br>Ft Worth, TX 76161-0244 | Wells Fargo Bank, N.A.<br>Business Direct Division<br>P.O. Box 29482<br>Phoenix, AZ 85038-9482 |
| Wells Fargo Bank, N.A.<br>c/o Tiffany & Bosco, P.A.<br>212 South Jones Boulevard<br>Las Vegas, NV 89107-2657 | Wilmington Savings Fund Society, FSB,<br>as trustee for Stanwich Mortgage<br>Loan Trust A/212 South Jones Blvd.<br>Las Vegas NV 89107-2657 | RALPH STEVEN LEWIS<br>2470 CITRUS GARDEN CIRCLE<br>HENDERSON, NV 89052-2399 |
| RICK A. YARNALL<br>701 BRIDGER AVE., #820<br>LAS VEGAS, NV 89101-8943 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bk Of Amer
Acct No xxxxxxxxxxxx2986
Po Box 982235
El Paso, TX 79998

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)BANK OF AMERICA, N.A. | (u)WILMINGTON SAVINGS FUND SOCIETY, FSB, AS T | (u)GREEN VALLEY RANCH COMMUNITY ASSOCIATION,<br>C/O ASSESSMENT MANAGEMENT SERVICES<br>ACCT # AMSXXXX-XX8277<br>6655 SOUTH CIMARRON ROAD SUITE 201, LAS |
| (d)SANTANDER CONSUMER USA INC.<br>BALL, SANTIN & MCLERAN, PLC<br>400 S. 4TH ST, STE 500<br>LAS VEGAS, NV 89101-6207 | End of Label Matrix<br>Mailable recipients   18<br>Bypassed recipients    4<br>Total                 22 | |