_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
April 20, 2018

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re: ) | Case No. 15-15696-MKN |
| ) | Chapter 13 |
| RALPH STEVEN LEWIS, ) | |
| ) | Date: March 21, 2018 |
| Debtor. ) | Time: 2:30 p.m. |
| _____) | |

**ORDER ON OBJECTION TO PROOF OF CLAIM[1]**

On March 21, 2018, the court heard the Objection to Proof of Claim ("Claim Objection") brought by Ralph Steven Lewis ("Debtor"). The appearances of counsel were noted on the record. After arguments were presented, the matter was taken under submission.

**BACKGROUND**

On October 2, 2015, Debtor filed a voluntary Chapter 13 petition along with his schedules of assets and liabilities ("Schedules") and statement of financial affairs ("SOFA"). (ECF No. 1). Debtor was represented by bankruptcy counsel, Randal Leonard ("Leonard"). The case was assigned to a panel bankruptcy trustee, Rick A. Yarnall ("Chapter 13 Trustee").

On his real property Schedule "A," Debtor listed a fee simple interest in real estate located at 2470 Citrus Garden Circle, Henderson, Nevada 89052 ("Residence"). On his personal property Schedule "B," Debtor listed potential claims against Bank of America Corporation ("BOA") and related entities and agents, having an unknown value. He also listed potential

---

[1] In this Order, all references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.

1

1  claims against Terra West Collections Group, LLC, as well as various entities and individuals,
2  having an unknown value. On his secured creditor Schedule "D," Debtor listed only Santander
3  Consumer USA as having a claim secured by a vehicle. On his unsecured creditor Schedule "F,"
4  Debtor listed BOA as having an unsecured claim in connection with the Residence in the amount
5  of $279,196. In Items 1 and 2 of his SOFA, Debtor indicated that he has had no income for
6  employment, business operations, or other sources during 2015, or the prior two years.
7       On February 8, 2016, BOA filed a proof of claim ("BOA POC") in the amount of
8  $360,741.96, as being secured by the Residence
9       On October 14, 2016, a notice was filed attesting that the claim of BOA was transferred
10 to Wilmington Savings Fund Society, FSB, as trustee for Stanwich Mortgage Loan Trust A
11 ("Willmington"). (ECF No. 40).
12      On July 21, 2017, an order was entered granting the motion of attorney Leonard to
13 withdraw from further representation of the Debtor. (ECF No. 72).[2]
14      On December 8, 2017, Wilmington filed a motion for relief from stay ("MRAS") so that
15 it could pursue its remedies against the Residence. (ECF No. 78).
16      On December 11, 2017, the Chapter 13 Trustee filed a motion to dismiss ("MTD") the
17 Debtor's Chapter 13 proceeding for failure to confirm a plan. (ECF No. 82).
18      On December 26, 2017, Debtor filed an objection to the MTD. (ECF No. 91).
19      On January 2, 2018, Debtor filed an objection to the MRAS. (ECF No. 92).
20      On January 11, 2018, the MTD was heard on a Chapter 13 duty calendar.[3]

---

[2] Attorney Leonard filed a motion to withdraw on June 2, 2017, along with a notice scheduling a hearing for July 10, 2017. (ECF Nos. 64 and 65). Attached to the notice of hearing is a Certificate of Service attesting that the motion and the notice were served by U.S. mail to Debtor at the Residence. On July 7, 2017, attorney Leonard filed an affidavit in support of the motion attesting that he and his client had recently "clashed" regarding certain matters, including the Debtor's desire to pursue actions against BOA that attorney Leonard "does not believe are viable." (ECF No. 71).

[3] At the hearing before the duty judge, Debtor represented that ownership of the promissory note underlying the BOA POC is disputed, that attorney Leonard never gave him notice of the motion to withdraw, and that the Debtor's records in connection with the dispute were provided to attorney Leonard. Moreover, Debtor asserted that attorney Leonard refuses to

1    On January 18, 2018, an order was entered on the MTD requiring the Debtor to file and
2 serve a proposed amended Chapter 13 plan no later than February 22, 2018. (ECF NO. 94).

3    On January 19, 2018, an order was entered on the MRAS for the limited purpose of
4 allowing Wilmington to record a corrected assignment of deed of trust ("MRAS Order"). (ECF
5 No. 95).

6    On February 5, 2018, Debtor filed the instant Claim Objection. (ECF No. 99). Other
7 than a two-page argument and a two-page certificate of service, the Claim Objection is not
8 accompanied by any supporting evidence by way of declarations, affidavits, or self-
9 authenticating exhibits. Debtor apparently asserts that Wilmington lacks standing to submit a
10 claim and the BOA POC therefore should be disallowed. A hearing on the Claim Objection was
11 scheduled for March 8, 2018. (ECF No. 100).

12    On February 20, 2018, Debtor filed proposed Amended Chapter 13 Plan #3. (ECF No.
13 106).

14    On February 26, 2018, Debtor filed proposed Amended Chapter 13 Plan #4. (ECF No.
15 108).

16    On March 8, 2018, the hearing on the Claim Objection was continued for status purposes
17 to March 21, 2018.

18    On March 21, 2018, the status hearing was conducted. At the hearing, counsel for
19 Wilmington acknowledged that a corrected assignment of deed of trust had not yet been
20 recorded. Because Wilmington had not done so, Debtor requested that the Claim Objection be
21 sustained. The court took the matter under submission.

**DISCUSSION**

23    The court having considered the arguments and representations of the parties and
24 counsel, as well as the record in this proceeding, concludes that the Claim Objection must be
25 overruled. Two primary reasons require this conclusion.

---

27 return his calls and that all or some of the records may have been given to the Chapter 13
Trustee. In addition to setting a deadline of February 22, 2018, for the Debtor to file an amended
28 Chapter 13 plan, the duty judge also set a deadline of February 8, 2018, for the Debtor to file any
objection to the BOA POC.

3

1 First, under Section 502(a), if a proof of claim is timely filed, the underlying claim is deemed allowed unless a party in interest objects. Under FRBP 3001(f), a properly filed proof of claim constitutes prima facie evidence of the validity and amount of the claim. As a result, an objection to a proof of claim must be accompanied by sufficient evidence to rebut the prima facie validity of the claim. See Garner v. Shier (In re Garner), 246 B.R. 617, 624 (B.A.P. 9th Cir. 2000). If sufficient evidence is provided by the objecting party, the burden shifts to the claimant to establish the validity and amount of the claim. See Spencer v. Pugh (In re Pugh), 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993). In this instance, the Claim Objection consists only of the Debtor's written argument that Wilmington lacks standing, but is not accompanied by any evidence establishing a factual basis for the assertion. Moreover, Debtor's oral arguments regarding the existence of different promissory notes with different dates, the filing of a complaint with the Consumer Financial Protection Bureau, the involvement of the Department of Housing and Urban Development, the applicability of any nationwide settlements reached with residential lending entities, the legal status of various entities, and the like, are no different than arguments made by attorneys: they do not constitute evidence. Compare Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 3.7 (approved 3/2018) ("In reaching your verdict you may consider only the testimony and exhibits received in evidence....Questions, statements, objections, and arguments by the lawyers are not evidence...."). Because the Claim Objection is not accompanied by any evidence whatsoever, it is insufficient to overcome the prima facie validity of the BOA POC. See Davis v. CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-3 (In re Davis), 2017 WL 3014349, at *5 (B.A.P. 9th Cir. July 14, 2017).[4]

Second, the failure of Wilmington to record a corrected assignment of deed of trust prior to the March 21 status hearing did not violate the MRAS Order, nor any other order of this court. The MRAS Order granted limited relief from stay to permit Wilmington to record that

---

[4] Because the Debtor is no longer represented by bankruptcy counsel and may not have had access to relevant materials alleged to be in his client file prior to the filing of the Claim Objection, it will be overruled, but without prejudice.

4

1 assignment, but did not set forth a deadline to do so, nor did it grant any other relief.
2 Wilmington is not prohibited from filing another motion for relief from stay in reliance on a
3 corrected assignment. As the moving party, Wilmington would be required to establish a
4 colorable claim sufficient to bestow standing for relief from stay, by showing that it either owns
5 or has another form of property interest in a note secured by estate property, or, that it is a
6 "person entitled to enforce" such a note under applicable state law. See <u>Arkison v. Griffin (In re
7 Griffin)</u>, 719 F.3d 1126, 1128 (9th Cir. 2013); <u>Edwards v. Wells Fargo Bank, N.A. (In re
8 Edwards)</u>, 454 B.R. 100, 105 (B.A.P. 9th Cir. 2011). On a relief from stay motion, the validity
9 of the claim or contract underlying the claim is not determined in the relief from stay proceeding.
10 See <u>Veal v. American Home Mort. Serv., Inc. (In re Veal)</u>, 450 B.R. 897, 914 (B.A.P. 9th Cir.
11 2011), <u>citing</u> <u>Johnson v. Righetti (In re Johnson)</u>, 756 F.2d 738, 740-41 (9th Cir.1985)
12 ("Hearings on relief from the automatic stay are thus handled in a summary fashion. The validity
13 of the claim or contract underlying the claim is not litigated during the hearing.").

14      **IT IS THEREFORE ORDERED** that the Objection to Proof of Claim, Docket No. 99,
15 brought by Ralph Steven Lewis, be, and the same hereby is, **OVERRULED WITHOUT**
16 **PREJUDICE.**

Copies sent to all parties via CM/ECF ELECTRONIC FILING

Copies sent via BNC to:

RALPH STEVEN LEWIS
2470 CITRUS GARDEN CIRCLE
HENDERSON, NV 89052

WILMINGTON SAVINGS FUND SOCIETY, FSB
AS TRUSTEE FOR STANWICH MORTGAGE LOAN TRUST A
C/O JASON C. KOLBE, ESQ.
TIFFANY & BOSCO, P.A.
10100 W. CHARLESTONG BLVD., STE. 220
LAS VEGAS, NV 89135

# # #