**TIFFANY & BOSCO, P.A**
Jason C. Kolbe, Esq.
Bar No: 11624
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135
Telephone: 702 258-8200
Fax: 702 258-8787
nvbk@tblaw.com

**Attorney for Secured Creditor**
Wilmington Savings Fund Society, FSB, as trustee for Stanwich Mortgage Loan Trust A
16-74483

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | Bk Case No.: 15-15696-mkn |
| Ralph Steven Lewis, | Date: July 12, 2018 |
| | Time: 2:30 p.m. |
| | Chapter 13 |
| Debtor. | |

### RESPONSE TO OBJECTION TO PROOF OF CLAIM 8-2

Wilmington Savings Fund Society, FSB, as trustee for Stanwich Mortgage Loan Trust A ("Secured Creditor"), by and through its attorney of record, the law firm of Tiffany & Bosco, P.A., files its Response to Objection to Proof of Claim No 8-2.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Bank of America, N.A., Secured Creditor's predecessor, had the right to enforce debtor Ralph Lewis's ("Debtor") promissory note and deed of trust when it filed its proof of claim. Secured Creditor had the right to enforce the promissory note and deed of trust when it filed an amended proof of claim. Secured Creditor is the holder of the note because the note is bearer paper, and Secured Creditor retains possession. Secured Creditor is entitled to foreclose under the terms of the deed of trust—irrespective of Debtor's objection—because Secured Creditor is the current beneficiary under the deed of trust, and the deed of trust survives the bankruptcy discharge even if no proof of claim is even filed.

45586701;1

## II. STATEMENT OF FACTS

1. On November 21, 2007, Debtor executed a $294,880.00 note to purchase property located at 2470 Citrus Garden Circle, Henderson, Nevada 89052-2399. Debtor also executed a deed of trust securing the loan, which was recorded with the Clark County Recorder. *See* Exhibit A pp. 15-28.

2. On October 2, 2015, Debtor filed for chapter 13 bankruptcy protection. Debtor represented he had a fee simple interest in the property. *See* Debtor's Schedule A, Doc. No. 1 p. 11.

3. The deadline to file a proof of claim for non-governmental entities was February 8, 2016. *See* Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines, Doc. No. 5 p. 1.

4. On February 8, 2016, Bank of America, N.A. ("B of A") timely filed its proof of claim no. 8-1 (the "Claim"), and attached the: a) Mortgage Proof of Claim Attachment; b) Escrow Account Review dated February 1, 2016; c) Endorsed Note dated November 21, 2007; and d) Deed of Trust, recorded November 26, 2007. A true and correct copy of the Claim is attached as Exhibit "A."

5. On October 14, 2016, a transfer of claim was filed, indicating B of A transferred the Claim to Secured Creditor. A true and correct copy of the transfer of claim is attached as Exhibit "B."

6. On December 8, 2017, Secured Creditor filed its motion for relief from automatic stay, as the Debtor owed $50,276.08 in post-petition arrears through October 31, 2017. *See* Motion for Relief from Stay, Doc. No. 78, p. 3 ll. 9-18.

7. On January 2, 2018, Debtor filed an objection. *See* Objection to Motion for Relief From Stay, Doc. No. 92. Debtor indicated the assignment of deed of trust attached as Exhibit C to the motion for relief from stay incorrectly indicated Debtor was an "unmarried woman". *Id*. at p. 7.

8. On January 19, 2018, this court entered an order terminating the automatic stay, allowing Secured Creditor to record a corrective assignment. *See* Order Lifting Stay, Doc. No. 95.

9. On April 27, 2018, Secured Creditor filed its amended proof of claim no. 8-2 (the "Amended Claim"), and attached the: a) Mortgage Proof of Claim Attachment; b) Escrow Account Review dated February 1, 2016; c) Endorsed Note dated November 21, 2007; and d) Deed of Trust, recorded November 26, 2007; e) **Corrective Assignment of Deed of Trust**, recorded March 30, 2018; and f) Assignment of Deed of Trust, recorded October 18, 2017. (Emphasis added). A true and correct copy of the Amended Claim is attached hereto as Exhibit "C."

45586701;1

10. On May 29, 2018, Debtor filed his objection (the "Claim Objection") to the Amended Claim. Debtor alleges Secured Creditor is not the holder of the Note, and not entitled to enforce his loan documents. *See* Claim Objection, Doc. No. 122.

### III. LEGAL ARGUMENT

**A.     Secured Creditor's Claim is Prima Facie Valid**

A creditor may present its claims against a debtor in a bankruptcy case by filing a proof of claim. 11 U.S.C. § 501. Whether such claim is allowable is determined under 11 U.S.C. § 502. *In re Lundell*, 223 F.3d 1035, 1039 (9th Cir. 2000). "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). In addition, Federal Rules of Bankruptcy Procedure Rule 3001(c)(2)(C), provides:

> If a security interest is claimed in property that is the debtor's principal residence, the attachment prescribed by the appropriate Official Form shall be filed with the proof of claim. If an escrow account has been established in connection with the claim, an escrow account statement prepared as of the date the petition was filed and in a form consistent with applicable nonbankruptcy law shall be filed with the attachment to the proof of claim.

"A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f).

Secured Creditor Claim complied with Rule 3001. The burden shifted to Debtor to "come forward with evidence to rebut the presumption of validity" of the claim. *In re S. Cal. Plastics, Inc.*, 165 F.3d 1243, 1248 (9th Cir. 1999). Debtor has not met his burden.

**B.     Secured Creditor is the Holder of the Note**

Nevada's version of Article 3 of the UCC governs the transfer of negotiable instruments. NEV. REV. STAT. 104.3102 *et seq.*; *Leyva v. Nat'l Default Servicing Corp.*, 255 P.3d 1275, 1280 (Nev. 2012) ("[A] mortgage note is a negotiable instrument, and any negotiation of a mortgage note must be done in accordance with Article 3."); *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 261 (Nev. 2012) ("The Uniform Code, Article 3, governs transfers of negotiable instruments, like the note."). For a subsequent lender to establish it is entitled to enforce a note, it must demonstrate the note was endorsed in its favor. *Edelstein*, 286 P.3d at 261; *In re Veal*, 450 B.R. 897, 921 (9th Cir. BAP 2011).

Pursuant to Article 3, a note can be endorsed to another party by making it payable either "to bearer or payable to order." *Leyva*, 255 P.3d at 1280 (citing NEV. REV. STAT. 104.3109). When a note is "endorsed in blank, [i]t becomes payable to bearer." *Edelstein*, 286 P.3d at 261 (quoting NEV. REV. STAT. 104.3205(2). A note "'initially made payable 'to order' can become a bearer instrument, if it is endorsed in blank." *Id*. "If the note is payable to bearer, that 'indicates that the person in possession of the promise or order is entitled to payment.'" *Leyva*, 255 P.3d at 1280 (quoting NEV. REV. STAT. 104.3109(1)(a)). A bearer instrument, endorsed in blank, "may be negotiated by transfer of possession alone." NEV. REV. STAT. 104.3201(2). Conversely, an instrument that is payable "to order," or to an identified person, "must be endorsed by the party to whom it was originally payable for the note to be considered properly negotiated to the new party." *Leyva*, 255 P.3d at 1280. A proper negotiation of the note entitles the new holder to enforce the note. *Id*.; *In re Phillips*, 491 B.R. 255, 268 (Nev. 2013) ("[W]hen a party can show it is an 'identified person' by the 'negotiation' of a note to it, and to each of its predecessors, it may enforce the note as a 'holder.'").

Secured Creditor attached to the Claim and Amended Claim documents substantiating it is the holder of the note. Secured Creditor attached the note, executed by the Debtor. Exhibit A at pp. 15-17. The lender under the terms of the note is B of A. *Id*. B of A endorsed the note in blank, which converted the note into a bearer instrument, *see* NEV. REV. STAT. 104.3201(2), and entitled the bearer to enforce the note. NEV. REV. STAT. 104.3109(1)(a); *Leyva*, 255 P.3d at 1280. Under *Edelstein*, Secured Creditor is entitled to enforce the note because it is the current holder of the note; the note was transferred to it and was endorsed in blank. *Edelstein*, 286 P.3d at 261; *In re Veal*, 450 B.R. at 921.

**C.    Secured Creditor is Entitled to Foreclose**

In addition to possessing the note, Secured Creditor is the current beneficiary of the deed of trust and entitled to enforce its power of sale provisions. "To prove that a previous beneficiary properly assigned its beneficial interest in the deed of trust, the new beneficiary can demonstrate the assignment by means of a signed writing." *Edelstein*, 286 P.3d at 260 (citing *Leyva*, 255 at 1279).

45586701;1

Debtor executed the deed of trust in favor of B of A. Exhibit A at pp. 18-28. B of A assigned the deed of trust to Secured Creditor, but as Debtor noted in his objection to the motion for stay relief, the assignment contained a typographical error indicating Debtor was an unmarried woman. In response, and as permitted by this court, Secured Creditor recorded a corrective assignment, and attached it to the Amended Claim. The corrective assignment resolved the clerical error. *See* Exhibit D pp. 29-28. By virtue of the assignment and corrective assignment, Secured Creditor became, and remains, the beneficiary under the Deed of Trust. It has standing to enforce the deed of trust.

**D.     Secured Creditor Provided Sufficient Evidence of the Account Balance**

Secured Creditor provided detailed information substantiating the account balance as of the petition date. The Amended Claim itemized the: 1) last four digits of the account number; 2) property address; 3) amount of the claim; 4) secured amount of the claim; 5) pre-petition arrears, 6) and annual interest rate. *See* Exhibit C. Secured Creditor also attached the Mortgage Proof of Claim Attachment that detailed the total debt calculation (principal balance, interest due, fees and costs, escrow advances), pre-petition arrears (principal and interest due, prepetition fees, escrow advances, projected escrow shortage), and the monthly mortgage payment (principal and interest, monthly escrow, private mortgage insurance), and the loan payment history from first date of default. *Id*. at pp. 4-9. Additionally, Secured Creditor attached an Escrow Analysis as of October 6, 2015. *Id*. at pp. 10-14.

**E.     Secured Creditor Retains its Lien, Irrespective of the Proof of Claim**

"[T]he discharge injunction provides that a bankruptcy discharge "operates as an injunction against . . . an act to collect, recover or offset any such debt as a *personal liability* of the debtor, whether or not discharge of such debt is waived. . . ." 11 U.S.C. § 524(a)(2) (emphasis added). Although the bankruptcy discharge eliminates a debt as a personal liability, it does *not* affect a lien that provides security for the debt. 11 U.S.C. § 522(c)(2). "Absent some action by the representative of the bankruptcy estate, liens ordinarily pass through bankruptcy unaffected, regardless whether the creditor holding that lien ignores the bankruptcy case, or files an unsecured claim when it meant to file a secured claim, or files an untimely claim after the bar date has passed." *Robert Brawders et al. v. County of Ventura (In re Brawders)*, 503 F.3d 856, 867-68 (9th Cir. 2007). "[U]nlike unsecured creditors, secured creditors may ignore the bankruptcy proceedings and look to the lien for satisfaction of the debt." *Id*. at 872. *See also Dizard & Getty v. Wiley*, 324 F.2d 77, 80 (9th Cir. 1963). This judicial rule was codified

45586701;1

in the form of § 506 of the Bankruptcy Code. *Matter of Tarnow*, 749 F.2d 464, 466 (7th Cir. 1984).

Regardless of any potential discharge of personal liability, Secured Creditor's lien passed through Debtor's bankruptcy unaffected. Yet even if that was not so, §1322 (b)(2) provides that a plan under Chapter 13 may "modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence. . . .*" 11 U.S.C. § 1322(b)(2). (emphasis added). *See also In re Seidel*, 752 F.2d 1382, 1383 (9th Cir. 1985) ("When a creditor is secured only by the debtor's principal residence, a Chapter 13 plan is barred from 'modifying' the rights of the secured creditor."). The deed of trust secures an interest in Debtor's principal residence. *See* ECF No. 1 at 11, 16. Secured Creditor will retain its lien, regardless of Debtor's objection.

## IV. CONCLUSION

Based upon the foregoing, the Amended Claim satisfies FRBP 3001(c)(2)(C), and thus, Secured Creditor provided appropriate documents to support its claim.

WHEREFORE Secured Creditor respectfully request this court overrule Debtor's Claim Objection, and enter an order allowing Secured Creditor's Amended Claim in its entirety.

DATED: June 26, 2018

TIFFANY & BOSCO, P.A

By:/s/ Jason C. Kolbe, Esq.
**JASON C. KOLBE, ESQ.**
Attorneys for
Wilmington Savings Fund Society, FSB, as trustee for Stanwich Mortgage Loan Trust A
16-74483
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135

45586701;1

**TIFFANY & BOSCO, P.A**
Jason C. Kolbe, Esq.
Bar No: 11624
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135
Telephone:  702 258-8200
Fax:  702 258-8787
nvbk@tblaw.com

**Attorney for Secured Creditor**
Wilmington Savings Fund Society, FSB, as trustee for Stanwich Mortgage Loan Trust A
16-74483

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In Re: <br><br> Ralph Steven Lewis, <br><br><br> Debtor. | Bk Case No.: 15-15696-mkn <br><br> Date:  July 12, 2018 <br> Time: 2:30 p.m. <br><br> Chapter 13 |
|---|---|

## **CERTIFICATE OF SERVICE**

1. On June 26, 2018 I served the following documents:

   **RESPONSE TO OBJECTION TO PROOF OF CLAIM 8-2**

2. I caused to be served the above-named documents by the following means to the persons as listed below:

   X   **a. ECF System**

         Rick A. Yarnall
         ecfmail@LasVegas13.com
         Chapter 13 Trustee

   ///

   ///

   ///

   ///

   ///

45586701;1

    X   **b. United States mail, postage fully prepaid:**

Ralph Steven Lewis
2470 Citrus Garden Circle
Henderson, NV 89052

**I declare under penalty of perjury the foregoing is true and correct.**

DATED June 26, 2018

By:    /s/Brad Anderson

45586701;1